# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Peter Carroll, Presiding
### Courtroom 304 Calendar

**Wednesday, May 12, 2010**                                                      **Hearing Room 304**

---

**1:30 pm**

**6:10-21414**    Jose Francisco Rivera and Maria Elena Rivera                **Chapter 13**

**#47.00**    Hrg. on Debtors' motion filed 4/19/10 for valuation of security, determination of secured status, avoidance of lien, and modification of rights of lienholder BAC Home Loans Servicing, LP; and permission to be excused from making further post-petition mortgage payments to respondent, BAC Home Loans Servicing, LP, the second deed of trust holder only, its assignees, transferees and/or successors in interest

EH_____

Docket #:   13

**Matter Notes:**

( X ) **Granted**                ( ) **Denied**

( X ) Tentative / **Final Ruling** is Final Order of the Court

( ) Based on findings of fact and conclusions of law made on the record

( ) **Stipulation** by the parties with respect to relief sought to be filed with the court within 7 days

( ) **Continuance** - Hearing on the motion is continued to _____
at _____ a.m./p.m.

( ) **Off Calendar**

( ) **Other**

**Courtroom Deputy:**
- NONE LISTED -

---

# United States Bankruptcy Court
## Central District of California

### Riverside
### Judge Peter Carroll, Presiding
### Courtroom 304 Calendar

**Wednesday, May 12, 2010**                                         **Hearing Room 304**

---

<u>1:30 pm</u>

**Cont....**    Jose Francisco Rivera and Maria Elena Rivera                **Chapter 13**

**Tentative Ruling:**

    None.

    **Final Ruling**. This valuation motion has been set for hearing on the notice required by LBR 9013-1(d)(2). The failure of the trustee and other parties in interest to file written opposition at least 14 days prior to the hearing as required by LBR 9013-1(f) is considered as consent to the granting of the motion. LBR 9013-1(h). *Cf.* Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court is granting the relief requested by the moving party and for which a *prima facie* case has been established, an actual hearing is not necessary. *See* Boone v. Burk (In re Eliapo), 468 F.3d 592, 602 (9th Cir. 2006). Their defaults are entered and the matter will be resolved without oral argument. LBR 9013-1(j)(3). **<u>No appearance is necessary</u>**.

    Debtor seeks to value the debtor's residence at a fair market value of $130,000.00 as of the date of the petition. The subject property is encumbered by a first deed of trust lien held by BAC Home Loans Servicing, L.P., securing a loan with a balance as of the petition date of approximately $299,906.82. Therefore, BAC Home Loans Servicing, L.P.'s claim secured by a junior deed of trust lien is completely under-collateralized. No portion of this claim will be allowed as a secured claim. See 11 U.S.C. § 506(a).

    The fact that the junior lienholder's claim is secured only by a security interest in the debtor's principal residence does not prohibit modification. Zimmer v. PSB Lending Corp. (In re Zimmer), 313 F.3d 1220, 1227 (9th Cir. 2002); Lam v. Investors Thrift (In re Lam), 211 B.R. 36, 41 (9th Cir. BAP 1997), *appeal dism'd*, 192 F.3d 1309 (9th Cir. 1999). Furthermore, no interest need be paid on the junior lienholder's wholly unsecured claim except to the extent otherwise required by 11 U.S.C. § 1325(a)(4).

    Valuing the junior lienholder's security and providing the above treatment does not violate In re Hobdy, 130 B.R. 318 (9th Cir. BAP 1991). The plan is not an objection to the junior lienholder's proof of claim pursuant to 11 U.S.C. § 502 and FRBP 3007. The plan makes provision for the treatment of the claim and all other claims, and a separate valuation motion has been filed and served in accordance with 11 U.S.C. § 506(a) and FRBP 3012. In addition to serving the plan on all creditors, debtor served the motion to value collateral with a notice that the collateral for the junior lienholder's claim would be valued. The valuation motion is supported by evidence as to the value of the subject property. The content of the notice meets the due process requirement that it be

---

# United States Bankruptcy Court
## Central District of California

Riverside

Judge Peter Carroll, Presiding

Courtroom 304 Calendar

| Wednesday, May 12, 2010 | Hearing Room 304 |
|---|---|

### 1:30 pm

**Cont....    Jose Francisco Rivera and Maria Elena Rivera                Chapter 13**

"reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and to afford them the opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

Valuation pursuant to 11 U.S.C. § 506(a) and FRBP 3012 is a contested matter initiated by the filing of a motion. FRBP 3012. Valuation does not require the filing of an adversary proceeding. Scott v. Countrywide Home Loans, Inc. (In re Scott), 376 B.R. 285, 291 (Bankr. D. Idaho 2007). Even if considered in the nature of a claim objection, an adversary proceeding is not required. FRBP 3007. The valuation motion does not seek to avoid the lien nor determine the extent, validity, or priority of the security interest. See FRBP 7001(2). The court is not determining the validity of a claim or avoiding a lien or security interest. The junior lienholder's deed of trust will remain of record until the plan is completed. 11 U.S.C. § 1325(a)(5)(B)(i).

To the extent that valuation is based on evidence in the form of the debtor's declaration, the debtor may testify regarding the value of property owned by the debtor. Fed. R. Evid. 701; see So. Central Livestock Dealers, Inc. v. Security State Bank, 644 F.2d 1056, 1061 (5th Cir. 1980). Given the absence of evidence to the contrary, the debtor's opinion of value is conclusive. See Enewally v. Washington Mutual Bank (In re Enewally), 368 F.3d 1165, 1173 (9th Cir. 2004).

Debtor's counsel shall submit an appropriate order.

#### Party Information

**Debtor(s):**

| Jose Francisco Rivera | Represented By |
| | Leroy Bishop Austin |

**Joint Debtor(s):**

| Maria Elena Rivera | Represented By |
| | Leroy Bishop Austin |

**Movant(s):**

| Jose Francisco Rivera | Represented By |
| | Leroy Bishop Austin |